IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 1 3 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| DIRECTV, INC., <br> Plaintiff | § § § § § § § § § | CIVIL ACTION B-03-211 |
| V. | | |
| ERIC SOLIS <br> Defendant | | |

## PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT
## AND DEFAULT JUDGMENT AGAINST DEFENDANT, ERIC SOLIS

Plaintiff, DIRECTV, Inc. ("DIRECTV"), moves for judgment by default against Defendant, ERIC SOLIS ("Defendant"), as authorized by Rule 55 of the Federal Rules of Civil Procedure.

### I. INTRODUCTION

DIRECTV filed this lawsuit against Defendant for violations of 47 U.S.C. § 605(a) and (e)(4), violations of 18 U.S.C. §2511 and §2512, and for civil conversion. Defendant SOLIS was served with a copy of DIRECTV's complaint and summons on August 13, 2004 through substituted service. Proof of service on SOLIS was filed with the court on August 25, 2004. Defendant has not filed a responsive pleading or otherwise acted to defend the lawsuit. DIRECTV is therefore entitled to default judgment.

### II. PROCEDURAL FACTS SUPPORTING DEFAULT

DIRECTV brought this lawsuit against Defendant for damages for violations of the Cable Communications Policy Act of 1984, 47 U.S.C. §521, *et seq.*, violations of 18 U.S.C. §2511 and §2512 and as an action for declaratory and injunctive relief for the improper receipt, transmission, and exhibition of satellite programming signals in violation of each of these statutes.

DIRECTV commenced the instant lawsuit by filing its Original Complaint on May 23, 2003 in DIRECTV vs. ISMAEL LOZANO, et. al., *Cause No 03-CV-094*. Defendant Solis was severed into Cause No.03-CV-211. Defendant was served through substituted

service by placing a copy of the summons and complaint at his place of business, James Van Agency & Guardian Family Trust on August 13, 2004. Proof of service of the summons and complaint was filed with this court on August 25, 2004.

Pursuant to Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure, Defendant's answer was due on or before September 7, 2004. A default judgment may be obtained against a party who has not filed a responsive pleading or otherwise defended the suit within the time allowed and when the affirmative relief sought is a calculable sum certain. FED. R. CIV. P. 55(a) and (b)(1). To date, Defendant has failed or refused to file an answer or other pleading responsive to DIRECTV's Complaint. Thus, default judgment is appropriate. See Fed. R. Civ. P. 12(a)(1)(A). Furthermore, Defendant is not in active military. See Exhibit "A". Damages are liquidated in this case as they are based on minimum statutory award of $10,000.00 due to Defendant's conduct as alleged in DIRECTV's Complaint. Thus, this Court may enter default and default judgment against Defendant, SOLIS.

### III. ARGUMENT IN SUPPORT OF DEFAULT JUDGMENT AWARD

#### A. Pursuant to 47 U.S.C. §605, and 18 U.S.C. §2512 this Court May Award DIRECTV Full Statutory Damages And Full Costs, Including Mandatory Attorneys' Fees

This lawsuit involves violations of the Cable Communications Policy Act of 1984, as amended, 47 U.S.C. §605 (the "Communications Act"), 18 U.S.C. §2511 and §2512 (the "Surreptitious Interception Act"), and violations of state law. DIRECTV complains of Defendant's violations of section (e)(4) of the Communications Act by modifying or assembling devices primarily of assistance in the unauthorized decryption of satellite programming. Moreover, DIRECTV complains that Defendant assembled or possessed at least one device shipped to Defendant through the mail and knew that the design of such device renders it primarily useful for the purpose of surreptitious interception of DIRECTV's wire and electronic communications in violation of section 2512(1)(b) of the

Surreptitious Interception Act. Based on Defendant's conduct, DIRECTV is entitled to a minimum statutory award of $10,000.00.

Subsection (e) of the Communications Act (47 U.S.C. §605) provides DIRECTV its civil remedies in this case and states, in pertinent part, that an aggrieved party such as DIRECTV may recover the following damages as a result of the unauthorized publication or use of satellite programming communications:

> "(e)(3)(C)(i)(II) . . . for each violation of [paragraph (e)(4)] involved in the action an aggrieved party may recover statutory damages in a sum not less than $10,000 or more than $100,000, as the Court considers just . . . ."
>
> (e)(3)(B)(iii) the court *shall* direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails."

*See* 47 U.S.C. §605(e)(3). Further, 18 U.S.C. §2520 provides that the Court may award to a complaining party damages against a Defendant for conduct prohibited by the Surreptitious Interception Act as follows:

> " . . . . statutory damages of *whichever is greater* of $100 per day for each violation or $10,000 . . . . " (18 U.S.C. §2520(c)(2)(B));
>
> " . . . . punitive damages in appropriate cases . . . ." (18 U.S.C. §2520(b)(2)), and
>
> " . . . . reasonable attorneys' fees and other litigation costs reasonably incurred." (18 U.S.C. §2520(b)(3)).

As properly pled in DIRECTV's Complaint, Defendant committed at least one willful statutory violation of 47 U.S.C. §605(e)(4) and at least one statutory violation of 18 U.S.C. §2512. As such, this Court is authorized to award, and DIRECTV is entitled to receive, statutory damages determined by the Court in the amount of:

> no less than $10,000 or more than $100,000.00, for the violation of 47 U.S.C. §605(e)(4); or
>
> full statutory damages in an amount no less than $10,000 for each violation of 18 U.S.C. §2512.

Under either federal statute, this Court may award DIRECTV no less than $10,000.00 in damages. Moreover, for violations of the Communications Act and the Surreptitious Interception Act, DIRECTV is entitled to full costs in the amount of $587.00 and reasonable attorneys' fees in the amount of $1,712.00, as set forth in the accompanying Exhibit "A" and post judgment interest as provided by law.

### B. This Court Should Permanently Enjoin Defendant From Committing Or Assisting In The Commission Of Any Violation Of 47 U.S.C. §605 or 18 U.S.C. §2511 and §2512

DIRECTV requests injunctive relief under the express provisions of the Communications Act and the Surreptitious Interception Act. The Communications Act provides as follows:

> "(e)(3)(B)(i) The court may grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain violations of subsection (a) of [the Communications Act]."

*See* 47 U.S.C. §605(e)(3)(B)(i). The pertinent language under section 2520 of 18 U.S.C. provides that the Court may award, "such preliminary and other equitable or declaratory relief as may be appropriate." *See* 18 U.S.C. §2520(b)(1). Accordingly, this Court is authorized to permanently enjoin Defendant from committing or assisting in the commission of any violation of 47 U.S.C. §605, or violations of 18 U.S.C. §2511 or §2512, and should do so to prevent such violations.

### IV. CONCLUSION

For the reasons set forth above, DIRECTV respectfully requests that this Court: (1) award to DIRECTV full statutory damages in the amount of $10,000.00, plus full costs in the amount of $587.00 and attorneys' fees in the amount of $1712.00; (2) permanently enjoin Defendant from committing or assisting in the commission of any violation of 47 U.S.C. §605 or 18 U.S.C. §2511 or §2512; and (3) grant DIRECTV such other and further relief as this court deems equitable, just and proper.

## V. Prayer

For these reasons, Plaintiff, DIRECTV, Inc., respectfully requests the Court to enter a default judgment in favor of Plaintiff against Defendant ERIC SOLIS in the amount of $10,000.00, plus cost of court, attorneys' fees, post judgment interest as allowed by law, and any other relief to which Plaintiff may show itself entitled.

DATED this 13 day of September, 2004.

Respectfully submitted,

RODRIGUEZ, COLVIN, CHANEY
& SAENZ, L.L.P.

By: /s/ Lecia L. Chaney
Lecia L. Chaney
State Bar No. 00785757
Fed. I.D. #16499

1201 E. Van Buren St.
P.O. Box 2155
Brownsville, Texas 78522
Telephone: (956) 542-7441
Telefax    : (956) 541-2170

OF COUNSEL:

GREER, HERZ & ADAMS, LLP

**Joe A.C. Fulcher**
Federal ID No. 14126
St. Bar No. 07509320
**Kelly-Ann F. Clarke**
Federal ID No. 27195
St. Bar No. 24027929
**Robert A. Swofford**
Federal ID No. 19403
St. Bar No. 00791765
**Joseph R. Russo, Jr.**
Federal ID No. 22559
St. Bar No. 24002879
One Moody Plaza, 18th Floor
Galveston, Tx  77550
(409) 797-3200 (telephone)
(409) 766-6424 (telecopier)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served upon Defendant:

**Eric Solis**
1221 E. Harrison
Harlingen, Tx  78550

by certified mail, return receipt requested, pursuant to the Federal Rules of Civil Procedure on this the ___13___ day of September, 2004.

_____
Lecia L. Chaney

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF CAMERON | § |

### AFFIDAVIT OF LECIA L. CHANEY, IN SUPPORT OF DEFAULT

BEFORE ME, the undersigned authority, on this day personally appeared Lecia L. Chaney, who is personally known to me, and being first duly sworn according to law, upon her oath, deposed and said:

"My name is Lecia L. Chaney. I am over eighteen (18) years of age and reside in Cameron County, Texas. I have been licensed to practice law in the State of Texas since 1993 and am currently practicing law throughout the State of Texas and in federal courts within the United States. I am familiar with the usual, customary and reasonable legal fees for suits of this type. I am an attorney with the law firm of Rodriguez, Colvin, Chaney & Saenz, L.L.P. and act as attorney for DIRECTV, Inc. ("DIRECTV"), in this lawsuit. As attorney for DIRECTV, I, or someone at my direction, performed the following in this cause: reviewed the file, including all correspondence between the parties and the claims file and prepared DIRECTV's Complaint, contacted defendant regarding allegations of this case and process, prepared and filed the Motion for Default & Default Judgment and affidavits, and Order on Default Judgment.

"Based upon my review of the file, DIRECTV has incurred and been billed $1712.00 in attorney's fees related to the prosecution of this case against ERIC SOLIS. To date, DIRECTV has also paid total of $587.00 for costs associated with the prosecution of this action against ERIC SOLIS. The attorney's fees and costs incurred to date are reasonable and necessary for the proper prosecution of this action.

"Additionally, DIRECTV should be awarded minimum statutory damages of $10,000 for the violation of 47 U.S.C. §605 and 18 U.S.C. §2511 and §2512 as alleged in the Complaint. Therefore, I respectfully request that Plaintiff, DIRECTV, Inc. be awarded $10,488.36 in damages.

"At this time I am unable to determine whether or not the Defendant is in the military."

"Moreover, I respectfully request that, from this time forward, ERIC SOLIS be permanently enjoined from committing or assisting in commission of any violation of the Cable Communications Policy Act of 1934, as amended, 47 U.S.C. §605 and 18 U.S.C. §2511 or §2512."

FURTHER, AFFIANT SAITH NOT.

_____
Lecia L. Chaney

SUBSCRIBED AND SWORN TO BEFORE ME, on this the ___13th___ day of Septembet, 2004, to certify which witness my hand and official seal.



_____
NOTARY PUBLIC in and for
The State of Texas

AFFIDAVIT OF LECIA L. CHANEY IN SUPPORT OF DEFAULT                                    PAGE 2

# RETURN OF SERVICE

Service of the Summons and complaint was made by me[1]   DATE: August 13, 2004

TITLE Luis A. Saenz, Civil Processor

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
RECEIVED
2004 AUG 25 PM 4:11
MICHAEL N. MILBY CLERK

Check one box below to indicate appropriate method of service:

☐ Served personally upon the defendant.

Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☒ Other (specify): As per Client Instructions for Substitute Service. Copies left at mail drop for Solis, Erik at 1221 E. Harrison, Harlingen, Texas. Attempt was also made on 8-12-04 with Cortney Vana at same address but she refused to accept.

## STATEMENT OF SERVICE FEES

| Travel | Services | Total |
|--------|----------|-------|
|        |          |       |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

_Luis A. Saenz_
Signature of Server

P.O. Box 5206
Address of Server
McAllen, TX. 78504-5206
956-682-7776

---

[1] As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

## AFFIDAVIT OF NON-MILITARY STATUS

**THE STATE OF TEXAS** §
§
**COUNTY OF HIDALGO** §

U.S. DISTRICT COURT
SOUTHERN DISTRICT TEXAS
RECEIVED
2004 AUG 25 PM 4: 11
MICHAEL N. MILBY, CLERK

BEFORE ME, the undersigned authority, on this day personally appeared **Luis A. Saenz**, a person having knowledge of the matters hereinafter set forth and who is personally known to me and first being duly sworn according to law, upon his oath deposed and said:

My name is **Luis A. Saenz**. I am over eighteen (18) years of age, I reside in **Hidalgo County, Texas**. I have never been convicted of a felony, and I am fully competent to make this Affidavit. I have personal knowledge of the facts stated herein, and they are all true and correct.

_____Eric Solis_____ is not in the military services as a member of the Armed Forces of the United States of America. On ___8-12-04___, 2004, I:

_____ I personally spoke to _____ and he/she indicated that he/she is not in the military services as a member of the Armed Forces of the United States of America:

__✓__ personally spoke to ___Courtney Vann___ who indicated that they personally know ___Eric Solis___ and that (he)/she is not in the military services as a member of the Armed Forces of the United States if America;

_____
_____
_____

(If other, please explain facts of showing non-military status)

_____/s/ Luis A. Saenz_____
Luis A. Saenz        (Printed name of Affiant)

SUBSCRIBED AND SWORN TO BEFORE ME, on this the __24__ day of __August__, 2004, to certify which witness my hand and official seal.

_____/s/ Zita Moreno_____
NOTARY PUBLIC
In and for The State of Texas

ZITA MORENO
Notary Public, State of Texas
My Commission Expires
June 21, 2006